Max R. Tarbox; SBN: 19639950
Tarbox Law, P.C.
2301 Broadway
Lubbock, TX 79401
(806) 686-4448; fax: (806) 368-9785
*Attorney for Debtor and Plaintiff*

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| In Re: | § | |
| | § | Chapter 11 Proceeding |
| Galmor's/G&G Steam Service, Inc., | § | |
| | § | Case No. 18-20210-rlj11 |
| *Debtor*. | § | |

_____

| | | |
|---|---|---|
| Galmor's/G&G Steam Service, Inc., | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | Adversary No. |
| | § | |
| AEG Petroleum, LLC, | § | |
| *Defendant*. | § | |

**COMPLAINT TO AVOID PREFERENTIAL TRANSFER
PURSUANT TO 11 U.S.C. §§ 547**

Galmor's/G&G Steam Service, Inc., Debtor in Possession of the above-captioned bankruptcy estate ("Trustee" ), states:

1. Plaintiff is the debtor-in-possession in this case.

2. Defendant AEG Petroleum, LLC, can be served through its registered agent: Derrick & Briggs, LLP, 100 N. Broadway Avenue, Oklahoma City, OK.

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157, 1334 and 11 U.S.C. § 542. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F). This Complaint is filed pursuant to 11 U.S.C. § 547 of the Bankruptcy Code and Bankruptcy Rule 7001 of the Federal Rules of Bankruptcy Procedure.

4. Venue is proper in this district pursuant to 11 U.S.C. § 1409.

5. The records of the above-captioned Defendant indicate that within ninety (90) days prior to June 19, 2018, the date of the filing of the above-captioned case, the Defendant filed an Abstract of Judgment in Potter County, Texas related to a judgment rendered in the 108th Judicial District Court, Potter County, Texas, in Cause No. 107,287-EV-CV, in a styled AEG Petroleum, LLC vs. Galmor's/G &

G Steam Services, Inc. and Michael Stephen Galmor, wherein AEG Petroleum, LLC recovered judgment against Galmor's/G & G Steam Services, Inc., and Michael Stephen Galmor in the amount of $178,449.33, with pre and post judgment interest of 18.00%. The Abstract of Judgment was filed by the Clerk of Wheeler County, Texas on or about April 30, 2018 in Volume 736, pages 573-274 of the Potter County, Texas property records.

6. Said transfer was made while the Plaintiff was insolvent. Plaintiff is entitled to the presumption of insolvency for each transfer made during the preference period pursuant to Section 547(f) of the Bankruptcy Code.

7. Said transfer will enable the Defendant to recover more than it would receive as a creditor if: (a) the bankruptcy case were a case under chapter 7 of title 11, United States Code; (b) the transfer had not been made; and (c) the Defendant received recognition of its debts to the extent provided by the provision of said title 11.

8. The transfer constituted a transfer of an interest in property of the Plaintiff (Debtor).

9. During the preference period, Defendant was a creditor at the time of each transfer.

10. Each transfer was made for, or on account of, an antecedent debt or debts owed by Debtor to Defendant before such transfers were made.

WHEREFORE, the Plaintiff prays that this Court make its order avoiding the aforesaid preferential transfer, and for such other and further relief as this Court deems just and proper.

Dated: October 22, 2018

> Respectfully submitted,
>
> TARBOX LAW, P.C.
> 2301 Broadway
> Lubbock, Texas 79401
> (806)686-4448; FAX (806)368-9785
> *Attorney for Debtor and Plaintiff*
>
> By: /s/Max R. Tarbox
> Max R. Tarbox
> SBN 19639950

U:\Chap 11 Debtor\Galmor-G&G's Steam Service, Inc\Preferences\AEG Petroleum LLC\Complaint.wpd